```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK HARVEY                       :    CIVIL ACTION
                                  :
         v.                       :
                                  :
UNITED STATES LIFE INSURANCE      :
COMPANY IN THE CITY OF NEW YORK   :    NO. 08-2175
```

MEMORANDUM

Bartle, C.J.                                         July 18, 2008

   Plaintiff Mark Harvey originally filed this putative class action in the Court of Common Pleas of Philadelphia County in March, 2008 against his disability insurer, defendant United States Life Insurance Company in the City of New York ("U.S. Life").  Plaintiff alleges that after his receipt of a lump sum worker's compensation settlement, U.S. Life improperly reduced benefits to which he remained entitled under his policy. Plaintiff seeks compensatory damages of $14,000 for breach of contract, as well as punitive damages and attorneys' fees under the Pennsylvania Insurance Bad Faith Statute, 42 Pa. Cons. Stat. § 8371.  In May, 2008, U.S. Life removed the action to this court on the basis of diversity jurisdiction.  Before us is plaintiff's motion for reconsideration of our Order of July 10, 2008, in which we denied his motion to remand.

   Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  See Jones v. Pittsburgh Nat'l

Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)).  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Plaintiff offers no new evidence or intervening change in the governing law, and has likewise failed to convince us that we erred in our previous Order. Nonetheless, we will briefly address the legal arguments raised in plaintiff's motion.

As the Court of Appeals explained in Frederico v. Home Depot, "the party asserting federal jurisdiction in a removal case bears the burden of showing ... that the case is properly before the federal court."  507 F.3d 188, 193 (3d Cir. 2007).  On the record before us, where plaintiff does not allege a specific amount of total damages in the complaint, "the case must be remanded [only] if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."  Id. at 197.

We agree with plaintiff that the attorneys' fees and punitive damages sought by all putative class members cannot be aggregated to satisfy the jurisdictional amount-in-controversy requirement because this putative class action does not fall within the ambit of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  We have not previously ruled to the contrary. We have adhered to the decision of the United States Supreme

Court which held that in a non-CAFA class action based on diversity jurisdiction, only the named plaintiff must satisfy the amount-in-controversy requirement.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559, 571-72 (2005). Accordingly, the amount-in-controversy requirement will be satisfied if a single plaintiff's claims, taken alone, total more than $75,000.  28 U.S.C. § 1332(a); see also Dowell v. Debt Relief Am., L.P., Civ. A. No. 07-27, 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007).

      Here, the named plaintiff alleges $14,000 in compensatory damages and also seeks attorneys' fees and punitive damages.  The amount-in-controversy requirement is thus satisfied if this plaintiff's claims are capable of generating $56,000 in punitive damages, that is, an amount four times the size of the compensatory claim, plus $5,001 in attorneys' fees.  The Supreme Court has stated that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety ..."  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).  The inquiry is heavily fact-dependent, leading our Court of Appeals to add that an "appropriately made ... request for punitive damages will generally satisfy the amount in controversy requirement ...."  Golden ex rel. Golden v. Golden, 382 F.3d 438, 455 (3d Cir. 2004).  Thus, even if such an award may be unlikely on the record before us, it is not "fanciful, 'pie in the sky,' or simply wishful."  Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392

(3d Cir. 2004).  Moreover, an award of at least $5,001 in counsel fees based on this plaintiff's claims alone seems more than reasonable at this stage.  Accordingly, we will deny plaintiff's motion for reconsideration.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK HARVEY                       :        CIVIL ACTION
                                  :
          v.                      :
                                  :
UNITED STATES LIFE INSURANCE      :
COMPANY IN THE CITY OF NEW YORK   :        NO. 08-2175
```

ORDER

      AND NOW, this 18th day of July, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff for reconsideration of the Court's Order of July 10, 2008 is DENIED.

                                        BY THE COURT:

                                        /s/ Harvey Bartle III
                                                              C.J.